1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

United States of America,

                 Plaintiff/Respondent,

v.

Jorge Daniel Lopez-Mejia,

                 Defendant/Movant.

No. CV-14-00841-PHX-GMS (ESW)
CR-09-01145-PHX-GMS

**REPORT AND
RECOMMENDATION**

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

    Two matters are currently ripe for the Court's decision.[1]  The first matter is Defendant/Movant Jorge Daniel Lopez-Mejia's ("Movant") amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Doc. 7), filed on June 2, 2014 (the "First Amended Motion to Vacate").  The second matter is the United States' "Motion to Strike or Dismiss Second Amended Motion to Vacate Under § 2255" (Doc. 19), filed on February 19, 2015 (the "Motion to Strike Movant's Second Amended Motion to Vacate").  In its January 23, 2015 Order (Doc. 17), the Court granted Movant leave to file a second amended Motion to Vacate.  On February 9, 2015, Movant filed a second amended "Motion under 28 U.S.C. § 2255 to Vacate, Set

---

[1] The case was reassigned to U.S. Magistrate Judge Eileen S. Willett on November 14, 2014.

Aside or Correct Sentence by a Person in Federal Custody" (Doc. 18) (the "Second Amended Motion to Vacate"), but failed to comply with the Court's Order (Doc. 17).

For the following reasons, the undersigned recommends that the Court grant United States' Motion to Strike Movant's Second Amended Motion to Vacate (Doc. 19). The undersigned further recommends that the Court deny and dismiss with prejudice Movant's First Amended Motion to Vacate (Doc. 18).

## I.  BACKGROUND

On September 8, 2009, a federal grand jury indicted Movant and ten co-defendants on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 1), and one count of aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2).   (CR-09-01145-PHX-GMS, CR Doc. 28.)[2]   The District Court denied Movant's Motion to Dismiss for Outrageous Government Conduct (CR Doc. 268), and Movant proceeded to a jury trial.  The jury found Movant guilty on both counts and further found that Movant conspired with intent to distribute cocaine weighing five kilograms or more (CR Doc. 325).   A motion for joint hearing on sentencing entrapment (CR Doc. 348) was considered.   However, the District Court found no sentencing entrapment on either basis raised (RT 3/16/11 at 9).  On March 16, 2011, the District Court sentenced Movant to 120 months imprisonment on Count 1 with a consecutive 60 month term of imprisonment on Count 2 (CR Docs. 462 and 475).

Movant appealed his conviction on two issues:   (1) whether the District Court erred in denying the Motion to Dismiss Indictment for Outrageous Government Conduct; and (2) whether the District Court erred in determining the government did not engage in sentencing entrapment (CA Doc. 37).  The Ninth Circuit Court of Appeals upheld the District Court (CA Doc. 37).  The Ninth Circuit's mandate issued on May 20, 2013.

---

[2] All documents referred to in CR-09-01145 shall be designated "CR Doc. ____." All documents referred to in C.A. No. 11-10139 shall be designated "CA Doc.____."  All documents referred to in CV-14-00841 shall be designated "Doc. ____."

On June 2, 2014, Movant filed his First Amended Motion to Vacate (Doc. 7).  He sets forth three grounds for relief:  (1) the rule announced by the United States Supreme Court in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), is "a new substantive rule of statutory interpretation and should be given retroactive effect in [Movant's] case"; (2) the "mandatory effect of the Mandatory Sentencing system, under which [Movant] was sentenced, is a violation of [Movant's] Fifth and Sixth Amendment rights"; and (3) in light of *Alleyne*, Movant received "critically incorrect legal advice" when the Court, prosecutor, and defense counsel advised him "the requisite factual predicate was not an element of the crime with which he was charged" and, therefore, Movant suffered an *ex post facto* violation of his Fifth and Sixth Amendment rights.  The Court required the United States to file a Response (Doc. 10).  The United States filed its Response on July 29, 2014 (Doc. 11).

## II.   UNITED STATES' MOTION TO STRIKE MOVANT'S SECOND AMENDED MOTION TO VACATE

On September 18, 2014, Movant filed his Motion for Leave to Amend Petition under § 2255 (Doc. 13).  The Court granted the Motion for Leave to Amend by Order filed January 23, 2015 (Doc. 17).  The Court set forth specific, mandatory parameters for Movant to follow to file Movant's Second Amended Motion to Vacate.  *Id.*  The purpose of the Court's Order was to allow Movant the opportunity to amend Ground Three only of his First Amended Motion to Vacate (Doc. 7) to reflect that Movant proceeded to a jury trial, rather than a change of plea.  The Court specifically set forth the manner in which Movant was to submit his Second Amended Motion to Vacate as follows:

> Movant **must comply with the following** in submitting his Second Amended Motion to Vacate:
>
> 1. Movant must submit the Second Amended Motion to Vacate on **the court-approved form** and sign it under penalty of perjury.  *See* Rule 2(c), Rules Governing Section 2255 Proceedings; LRCiv 3.5(a); and the Court's April 29, 2014 Order (Doc. 6).  The Clerk of Court will mail Movant the court-approved form.

2. Movant must **clearly designate** on the face of the document that it is a **"Second Amended Motion to Vacate."**

3. The Second Amended Motion to Vacate must be typed or legibly written in its entirety on the court approved form and **may not incorporate any part of the First Amended Motion to Vacate by reference**.  Movant must describe each ground for relief and the facts supporting each ground.

4. The Second Amended Motion to Vacate must conform to the grounds alleged in the First Amended Motion to Vacate, with the exception of Ground Three.  Ground Three must conform to the proposed amendment set forth in Movant's Motion for Leave to Amend (Doc. 13).

**Failure to comply with any of the above requirements may result in the Second Amended Motion to Vacate to be stricken from the record.**

(Doc. 17 at 1-2).

On February 9, 2015, Movant filed the Second Amended Motion to Vacate (Doc. 18) which alleges three new grounds for relief, each on the basis of ineffective assistance of counsel.  The facts supportive of each ground are also newly raised.  The Motion to Strike Movant's Second Amended Motion to Vacate (Doc. 19) may be granted on several grounds, as discussed below.

### 1. Summary Dismissal

Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts, states that the Federal Rules of Civil Procedure may be applied to 28 U.S.C. § 2255 proceedings to the extent that the Federal Rules of Civil Procedure are not inconsistent with the Rules Governing Section 2255 Proceedings for the United States District Courts.  LRCiv 7.2(c) allows an opposing party fourteen days to respond to a motion.  Failure to respond to a motion may be deemed consent to the Court's granting of the motion, and "the Court may dispose of the motion summarily."  LRCiv 7.2(i). Because Movant has failed to respond to the Motion to Strike Movant's Second Amended Motion to Vacate (Doc. 19), the Court may summarily grant the Motion.

## 2.  Failure to Comply with the Court's Order (Doc. 17)

The Court favorably may consider the merits of the United States' Motion (Doc. 19).  Upon review of the Court's Order filed January 23, 2015 (Doc. 17) and Movant's Second Amended Motion to Vacate (Doc. 18), the Court finds that Movant has failed to comply with the Court's Order both substantively and procedurally.  Movant's Second Amended Motion to Vacate (Doc. 18) is not clearly designated "Second Amended Motion to Vacate" as ordered.  It does not conform in any way to Grounds One and Two for relief set forth in the First Amended Motion to Vacate (Doc. 7).  It does not set forth Ground Three as reflected in the proposed amendment which was approved by the Court and contained in Movant's Motion for Leave to Amend (Doc. 13).  The Court clearly warned Movant that a failure to comply with its Order may result in striking the Second Amended Motion to Vacate (Doc. 17 at 2).  Movant chose to file a document which alleges three new grounds for relief, none of which relate back factually to the First Amended Motion to Vacate (Doc. 7).  For these reasons, the Second Amended Motion to Vacate (Doc. 18) should be stricken from the record.

## 3.  Statute of Limitations and Rule 15(c)

The United States argues persuasively that the Court may dismiss Movant's Second Amended Motion to Vacate (Doc. 18) because the grounds for relief set forth therein are time-barred and do not relate back to Movant's original pleading under Rule 15(c), Fed. R. Civ. P.  Movant attempts to amend his First Amended Motion to Vacate to add three new ineffective assistance of counsel claims that are unrelated to the sentencing and *Alleyne* arguments set forth in his original and First Amended Motion to Vacate.  Movant's new claims are supported by facts that differ substantially in time and type from the facts alleged in his original claims.  The new claims do not arise from the same core facts as the original claims.  *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) (holding that an amended habeas petition "does not relate back (and thereby escapes AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth").  Therefore, the one year

statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] applies, and Rule 15(c)(1)(B), Fed. R. Civ. P., does not allow Movant's new claims to relate back to the original Motion to Vacate.

### III.  MOVANT'S FIRST AMENDED MOTION TO VACATE

In its Response (Doc. 16), the United States argues that Movant's First Amended Motion to Vacate should be denied because his claims are meritless or procedurally defaulted.  For the reasons that follow, the undersigned finds that Movant's claims are meritless.  The Court will recommend that the First Amended Motion to Vacate be denied (Doc. 7).

### 1.  Ground One:  Retroactive Application of *Alleyne*

Movant requests that the Court apply and give retroactive effect to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), in Movant's case.  Movant asserts that the "Alleyne Rule announced by the Supreme Court on June 17, 2013 articulated a new substantive rule of statutory interpretation and should be given retroactive effect in Petitioner's case." (Doc 7 at 5).

In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545, 567-68 (2002) (judicial fact-finding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment), finding *Harris* to be inconsistent with the Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt") and the Sixth Amendment. *Alleyne*, 133 S.Ct. at 2163.  If a fact constitutes an "element" or "ingredient" of a charged offense, that fact must be found by a jury beyond a reasonable doubt.  *Id*. at 2158 (quoting *United States v. O'Brien*, 560 U.S. 218, 224 (2010)).  If a fact increases a punishment above what is otherwise legally prescribed, that fact is by definition an element of the offense.  *Apprendi*, 530 U.S. at 490.  In *Alleyne*, the Court specifically held that any fact that increases the mandatory minimum sentence must be treated as an

---

[3] 28 U.S.C. § 2244(d)(1).

element of the offense and submitted to the jury to be found beyond a reasonable doubt. 133 S.Ct. at 2158. The Court found legally indistinguishable facts which raise the maximum punishment a defendant can receive from facts which raise the minimum punishment a defendant can receive. *Id.* at 2162.

*Alleyne* further held that a finding that the defendant had brandished a firearm, rather than merely carried a firearm, was an element of a separate aggravated offense which had to be submitted to the jury because it elevated the mandatory minimum sentence the defendant could receive for the offense. Brandishing a firearm as a factual finding, therefore, had to be proven beyond a reasonable doubt to the trier of fact under the Sixth Amendment. 133 S.Ct. at 2163-64.

In Movant's case, however, the Indictment alleged the elements of both crimes charged. The drug type and quantity were set forth in Count 1. The jury found the Defendant guilty beyond a reasonable doubt of conspiracy to possess with intent to distribute cocaine weighing five kilograms or more. The form of verdict specifically questioned the jury on the amount of cocaine Movant conspired to possess with intent to distribute (CR Doc. 325). Also, the Indictment in Count 2 reflected the manner in which the Defendant violated 18 U.S.C. § 924(c). There was no allegation that Movant brandished or discharged the firearm. (CR Doc. 28). The jury found Movant guilty beyond a reasonable doubt of possession of a firearm in furtherance of a drug trafficking crime. (CR Doc. 325). The Movant was sentenced to the mandatory minimum sentences for each Count: no enhanced mandatory minimum sentence was imposed.

Movant, therefore, fails to meet any basis for relief under *Alleyne* in his case. The Court will recommend denial of Ground One of Movant's First Amended Motion to Vacate. The Court need not address whether *Alleyne* applies retroactively to Ground One. Even if *Alleyne* were applied retroactively, *Alleyne* has no application to this case.

**2. Ground Two:  Constitutionality of Statutory Mandatory Minimum Sentences**

Movant argues in Ground Two that his mandatory minimum sentences received violate his Fifth and Sixth Amendment constitutional rights. Movant bases his argument

on application of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), to his case.  However, as the Court has set forth in its analysis of Ground One, the *Alleyne* decision has no effect on Movant's case as Movant's sentence was a mandatory minimum sentence with no enhancers, decided by a jury which made all necessary findings beyond a reasonable doubt on its form of verdict, and presented by an Indictment which set forth all elements of each offense.  The Supreme Court in *Alleyne* did not strike down all mandatory minimum sentences as unconstitutional.  133 S.Ct. at 2163 (noting its ruling "does not mean that any fact that influences judicial discretion must be found by a jury").  Further, mandatory minimum sentencing has been upheld by the Ninth Circuit subsequent to *Alleyne*.  *See United States v. Lizarraga-Carrizales*, 757 F.3d 995, 997 (9th Cir. 2014) (statutory mandatory minimum sentences triggered by drug quantities found beyond a reasonable doubt by a jury or admitted by defendant are constitutional).  Therefore, the Court will recommend denial of Ground Two.[4]

### 3.  Ground Three: *Alleyne's* Effect on Indictment, Plea, and Sentence

In Ground Three of Movant's First Amended Motion to Vacate, Movant alleges as follows:

> In light of the *Alleyne* Rule the record discloses that at the time of petitioner's indictment and plea he was advised by the district court, his own lawyer, and the prosecutor that the requisite factual predicate was not an element of the crime with which he was charged.

(Doc. 7 at 7).

Movant argues that, because of *Alleyne*, the indictment, plea agreement, and sentencing procedure were invalid, erroneous, and violated his "Fifth and Sixth Amendment rights *Ex Post Facto*."  (Doc. 7 at 20)  Movant maintains that the District Court "misinformed [Movant] as to the elements of a § 924(c)(1) offense," and therefore Movant's guilty plea was "unintelligent."  (Doc. 7 at 21).

The record in this case is clear:  Movant did not plead guilty.  Movant was found

---

[4] The Court need not address whether Movant is procedurally defaulted for failure to raise Ground Two on direct appeal on the basis of *Apprendi*.  Ground Two is without merit as a matter of law.

guilty by a jury on all counts of the Indictment, and he was sentenced to the statutory mandatory minimum sentence on each count.  The Supreme Court's holding in *Alleyne* has no effect on this Movant's indictment, jury trial, or sentence.  Movant's arguments regarding a guilty plea are irrelevant.  His indictment articulated all the elements of each crime, and the jury made the requisite findings beyond a reasonable doubt to support his conviction and sentence.  The Judge thereafter sentenced Movant to the mandatory statutory minimum sentence based on the findings of the jury.  Movant did not receive an enhanced mandatory minimum sentence.  The Court will recommend denial of Ground Three.

### 4.  Rule of Lenity Does Not Apply

In his conclusion, Movant asks the Court to apply the rule of lenity to Movant's sentence.  The statutes under which Movant was convicted are unambiguous.  *See* 21 U.S.C. § 841(b)(1)(A)(ii) (mandatory minimum ten year sentence for intent to distribute five kilograms or more of cocaine) and 18 U.S.C. § 924(c)(1) (mandatory minimum five year sentence for possession of a firearm in furtherance of a drug trafficking offense). The Ninth Circuit has held that "[i]n the face of unambiguous congressional intent, the rule of lenity does not apply."  *United States v. Hoyt*, 879 F.2d 505, 512 (9th Cir. 1989), *as amended by* 888 F.2d 1257 (9th Cir. 1989).  Because the rule of lenity does not apply, the Court will recommend that Movant's request for its application to his sentence be denied.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Strike Movant's Second Amended Motion to Vacate (Doc. 19) be granted.

**IT IS FURTHER RECOMMENDED** that the Second Amended Motion to Vacate (Doc. 18) be stricken from the record.

**ALTERNATIVELY, IT IS RECOMMENDED** that the new claims raised in the Second Amended Motion to Vacate (Doc. 18) be dismissed with prejudice as they are

time-barred and that the Court further consider only those claims raised in Movant's First Amended Motion to Vacate (Doc. 7).

**IT IS RECOMMENDED** that the First Amended Motion to Vacate (Doc. 7) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 2nd day of June, 2015.


_____
Eileen S. Willett
United States Magistrate Judge